UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARKETT D. SIMPKINS,

    Plaintiff,

v().                                  Case No. 3:16cv196-RV-CJK

SANTA ROSA COUNTY
SHERIFF'S DEPARTMENT, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This civil rights case is before the court on plaintiff's amended complaint. (Doc. 10). For the reasons that follow, the undersigned recommends that this case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim on which relief may be granted.

## BACKGROUND

Plaintiff is currently confined at the Santa Rosa County Jail ("SRCJ"). The amended complaint names 3 defendants: Wendell Hall, the Sheriff of Santa Rosa County; P. Stoughton, a transition coordinator at the SRCJ; and Gehringer, a captain at the SRCJ. The amended complaint sets forth the factual allegations that follow.

Plaintiff "wrote the [SRCJ] law library through the institutional kiosk system requesting research assistance to aide in the filing of a valid complaint against an

employee of the Santa Rosa County Sheriff Office." Defendant Stoughton "denied [plaintiff] access to the law library and access to a copy of the 42 U.S.C. § 1983, which [plaintiff] had to write this court in order to receive." Stoughton advised plaintiff "to begin the grievance procedure." Plaintiff "initiated and exhausted [the] administrative grievance procedure being denied any type of relief by Captain Gehringer." Plaintiff asserts "[a]ll policy and procedure directives are implemented and authorized by Sheriff Wendell Hall who, acting under the color of state law, has the authority to grant any and all types of administrative remedy."

Based on the foregoing, plaintiff claims his "right to access to the court was denied and/or impeded by the named defendants which violate [his] First, Fifth, and Fourteenth Amendment rights. By denying [plaintiff] the research medium and 42 U.S.C. § 1983 as well as the subsequent denial of administrative relief violates [his] right of access to the courts." As relief, plaintiff seeks "[s]anctions placed on jail and that a policy be implemented to allow [plaintiff] and others access to courts and research materials[.]" Plaintiff also seeks $50,000 in punitive damages.

## DISCUSSION

Legal Standard

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary

relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In applying the standard, the court accepts all <u>well-pleaded</u> factual allegations in the complaint as true and evaluates all <u>reasonable</u> inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994); *see also Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'") (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570.

Access to the Courts

"It is now clearly established that prisoners have a constitutional right of access to the courts." *Barbour v. Haley*, 471 F.3d 1222, 1225 (11th Cir. 2006) (*citing Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977)); *see also Gibson v. York*, 569 F. App'x 810, 813 (11th Cir. 2014) ("Access to the courts is a right grounded in several constitutional amendments, including the First, Fifth, and Fourteenth Amendments.") (*citing Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003)). Prisoners must have "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Bounds*, 430 U.S. at 825. Prisoners, however, do not have an "abstract, freestanding right to a law library or legal assistance[.]" *Lewis v. Casey*, 518 U.S. 343, 351, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); *see also Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) ("The mere inability of a prisoner to access the law library is not,

in itself, an unconstitutional impediment."). "The doctrine of standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury." *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998). In order to show an actual injury, a plaintiff must provide evidence that the "prison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." *Wilson v. Blankenship*, 163 F.3d 1284, 1290 (11th Cir. 1998).

Here, the amended complaint fails to state a claim for denial of access to the courts. Plaintiff alleges personnel at the SRCJ denied him access to the law library and thus frustrated "the filing of a valid complaint against an employee of the Santa Rosa County Sheriff Office [("Sheriff's Office")]." As an initial matter, the amended complaint fails to describe the underlying cause of action with enough specificity to determine that it is nonfrivolous. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L. Ed. 2d 413 (2002) ("[T]he underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation."). The assertion that plaintiff has a "valid complaint" against a member of the Sheriff's Office is conclusory and insufficient to state an access to the courts claim. *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d. 1237, 1271 (11th Cir. 2010) ("The allegations about the underlying cause of action

must be specific enough to give fair notice to the defendants and must 'be described well enough to apply the "nonfrivolous" test and to show that the "arguable" nature of the underlying claim is more than hope.'") (*quoting Christopher*, 536 U.S. at 416).

Moreover, plaintiff does not allege he is unable to file a § 1983 complaint against the Sheriff's Office employee. Instead, plaintiff indicates he cannot conduct open-ended legal research into the claim. Such allegations, however, do not establish the denial of access to the courts. *See Lewis*, 518 U.S. at 360 ([T]he Constitution does not require that prisoners . . . be able to conduct generalized research, but only that they be able to present their grievances to the courts—a more limited capability that can be produced by a much more limited degree of legal assistance.").

In addition, plaintiff's ability to pursue the present § 1983 action demonstrates he is not being denied access to the courts. In *Lewis*, the Supreme Court noted that prisons may experiment with "various methods of assuring access to the courts." 518 U.S. at 352. The Court further noted that "[o]ne such experiment, for example, might replace libraries with some minimal access to legal advice and a system of court-provided forms . . . that asked the inmates to provide only the facts and not to attempt any legal analysis." *Id.* (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2) (providing that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief); *Iqbal*, 556 U.S. at 678 ("A claim has

facial plausibility when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (emphasis added).

The Northern District of Florida uses the type of form described in *Lewis*. The Statement of Facts section of the Northern District's standard Civil Rights Complaint form specifically states "Do not make any legal arguments or cite to any cases or statutes." (Doc. 10, p. 5). Although the Statement of Claims section instructs the inmate to "State what rights under the Constitution, laws, or treaties of the United States you claim have been violated[,]" (*id.*, p. 7) it does not require an inmate to cite any cases. In addition, "*pro se* pleadings are held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Dowbenko v. Google Inc.*, 582 F. App'x 801, 804 (11th Cir. 2014) (*quoting Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). Plaintiff's ability to initiate the present action on the standard Civil Rights Complaint form indicates he has access to the form and the jail's legal resources are not so deficient as to prevent him from filing a civil rights complaint.* *See Lewis*, 518 U.S. at 351 (noting inmate could demonstrate actual injury by, for example, demonstrating "he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by

---

* The undersigned notes other inmates at the SRCJ have recently initiated § 1983 actions on the Northern District of Florida's Civil Rights Complaint form. *See Stites v. Santa Rosa Cty. Jail*, Case No. 3:16cv416-MCR-CJK, *Jackson v. Armour Med. Staff*, Case No. 3:16cv264-RV-CJK.

Case No. 3:16cv196-RV-CJK

inadequacies of the law library that he was unable even to file a complaint"). In sum, the amended complaint fails to state a claim for denial of access to the courts.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) due to plaintiff's failure to state a claim on which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 28th day of October, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.